IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Gregory Beam and Amy Beam, )<br> )<br>Plaintiffs, )<br>vs. )<br> )<br>Otter Tail Power Company and The Babcock )<br>& Wilcox Company f/k/a Babcock & Wilcox )<br>Power Generation Group, Inc., )<br> )<br>Defendants. ) | Civil No. _____<br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |

**COMES NOW**, the above-named Plaintiffs by and through their Attorneys Mark V. Larson, Shelby Larson, and Anders Larson of Larson Law Firm, P.C., 1020 N. Broadway, Minot, North Dakota 58702, and for their Complaint states as alleges as follows:

## I. PARTIES AND JURISDICTION

¶1. Plaintiffs, Gregory Beam and Amy Beam, are residents of Phoenix, Arizona.

¶2. To the best of Plaintiffs' knowledge, information, and belief, Defendant Otter Tail Power Company, (hereinafter "Otter Tail"), is a foreign business corporation licensed to do business in North Dakota and at all times pertinent to this matter was doing business in North Dakota.

¶3. To the best of Plaintiffs' knowledge, information, and belief, Defendant The Babcock & Wilcox Company f/k/a Babcock & Wilcox Power Generation Group, Inc., (hereinafter "B&W"), is a foreign business corporation licensed to do business in North Dakota and at all times pertinent to this matter was doing business in North Dakota.

¶4. This Court has jurisdiction over the parties and controversy pursuant to 28 U.S.C. §1332 because Plaintiffs and Defendants have diversity of citizenship and the amount in controversy is greater than $75,000.00. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

## II. FACTS

¶5. Plaintiffs reassert each and every matter or thing contained in the preceding paragraphs and incorporates them herein by reference.

¶6. Plaintiffs bring this action for personal injury suffered at a Coal Power Plant incident that occurred on May 20, 2016.

¶7. On May 20, 2016, Plaintiff Gregory Beam was an employee of Gagnon Inc. and was on a contracted job at the time of the incident that occurred at a Coyote Station Coal Power Plant in Beulah, North Dakota. Gagnon Inc. was contracted by Defendants Otter Tail and/or B &W or their agents, employees, or representatives to place lagging and metal fabrications on boilers at The Coyote Station Coal Power Plant.

¶8. Plaintiff Gregory Beam was placing lagging and metal fabrications on the boilers and was in the process of receiving a panel for installation. While doing so, the permanent steel grated floor that Plaintiff Gregory was standing on gave way below him.

¶9. Defendant Otter Tail was the owner/occupant of the subject premises where the incident occurred. As such owner, it operated and controlled the premise including the complete operation of the Coyote Station Coal Power Plant.

¶10. Defendant B&W was charged with the responsibility to assure that the site was safely prepared for the work that Plaintiff Gregory Beam was to do.

¶11. As a result of the floor giving way, Plaintiffs have incurred expenses for medical care, lost income and other expenses in an amount to be proven at trial greater than $75,000.00.

## III. INJURES TO GREGORY BEAM

¶12. Plaintiffs reassert each and every matter or thing contained in the preceding paragraphs and

incorporate them herein by reference.

¶13.    As a result of the incident that occurred on May 20, 2016, Plaintiff Gregory Beam, suffered injuries, including but not limited to, right elbow fracture, herniated discs, sprain/strain to the right foot, abrasions to the lower back and pelvis, traumatic ecchymosis of the buttock, left shoulder sprain and injury to the right knee. Said injuries have been slow to heal and Plaintiff Gregory Beam suffers from pain that requires continuing care.

¶14.    As a result of his injuries, Plaintiff Gregory Beam has suffered and continues to suffer great pain of body and mind and will continue to suffer in the future. Plaintiff Gregory Beam's injuries were slow to heal and will require continuing care.

¶15.    Medical expenses and other special damages including but not limited to lost income to date for Plaintiffs are in the sum of no less than $75,000.00 and are expected to be increasing subsequent to this date.

## IV. FIRST CAUSE OF RELIEF
(PREMISE LIABILITY)

¶16.    Plaintiffs reassert each and every matter or thing asserted in the preceding paragraphs and incorporate them herein by reference.

¶17.    Defendants had a duty to abate and otherwise make the building safe from hazards or dangerous conditions for all persons working on the property and Defendants breached their duty by failing to abate or remove the hazard on which Plaintiff Gregory Beam fell.

¶18.    Defendants knew or should have known with the exercise of reasonable diligence that the steel grated floor was unsafe and constituted a hazard and a danger to all persons working on the property where Plaintiff Gregory Beam fell.

¶19.    Defendants failed to maintain the workplace in a safe condition and a lack of safety

precautions created a hazard for persons who were on Defendants' property.

¶20. Defendants' actions and omissions constituted an abrogation of the duty of reasonable care imposed on an owner and/or occupier of real property.

¶21. As a direct and proximate result of Defendants' negligence and fault, Plaintiff Gregory Beam suffered serious and permanent physical injuries, including but not limited to injures to his elbow, shoulder, knee, and back.

¶22. As a direct and proximate result of Defendants' negligence and fault, Plaintiff Gregory Beam has experienced, and will continue to experience, emotional distress, mental anguish, pain, and suffering.

¶23. As a direct and proximate result of Defendants' negligence and fault, Plaintiff has suffered economic damages in the form of medical bills and lost income.

¶24. Any one or all of the aforementioned acts or omissions on the part of Defendants proximately and directly caused the damages incurred by Plaintiffs as described in this *Complaint*.

## V. SECOND CAUSE OF RELIEF
(Negligence)

¶25. Plaintiffs reassert each and every matter and thing contained in the preceding paragraphs and incorporate them herein by reference.

¶26. Defendants had a duty to assure that Plaintiff Gregory Beam was afforded a safe working environment.

¶27. Defendants had a duty to monitor the work place and assure that all safety standards had been followed.

¶28. Defendants had a duty to properly assure that any permanent steel flooring on the premises were appropriately maintained and safe.

-4-

¶29.  Defendant Otter Tail is the owner operator of the Coyote Station Coal Power Plant which Gagnon Inc. was placing lagging and metal fabrication on boilers and had a duty to insure that the subject facility was properly maintained and operated and Plaintiff had a safe working environment.

¶30.  Defendants had a duty to provide safe equipment for the work site which was not dangerous.

¶31.  Defendants had a duty to properly prepare and assure that the work site in which Plaintiff Gregory Beam was working at was safe to perform his work and that all structures on the site met normal standards for safety and were properly maintained.

Defendants were further negligent in the following respects:

   a.   Failure to inspect and assure that all structures used on site met appropriate standards

   b.   Failure to inspect and assure that any structures used on site were not repaired in a negligent manor.

   c.   Failure to take structures off service when it was clear that they were not safely maintained.

   d.   Failure to inspect and assure that any unsafe structures used on the site were properly noted and warned.

## VI. THIRD CAUSE OF RELIEF
(Negligent Employment)

¶32.  Plaintiffs reassert each and every matter and thing contained in the proceeding paragraphs and incorporate them by reference.

¶33.  Defendant Otter Tail is the owner operator of the Coyote Station Coal Power Plant where Plaintiff Gregory Beam was injured.

¶34.  Defendant Otter Tail hired Defendant B&W as a subcontractor to work on the Coyote Station Coal Power Plant

¶35.  Defendant Otter Tail did not assure that its subcontractor was conducting their work in a safe

and prudent manner, and as a consequence is responsible for any actions of their subcontractor.

¶36. Defendant Otter Tail's failure to ensure that Defendant B&W provided a safe working environment is an act of negligent employment for which Defendant Otter Tail must be held liable.

## VII. FOURTH CAUSE OF RELIEF
(Loss of Consortium)

¶37. Plaintiffs reassert each and every matter and thing contained in the proceeding paragraphs and incorporate them by reference.

¶38. Plaintiff Amy Beam is the wife of Plaintiff Gregory Beam. As a consequence of the injuries to Plaintiff Gregory Beam, their marriage has been damaged.

¶39. Plaintiff Amy Beam lost the care, services and affection of her husband as a direct result of the injuries he suffered due to Defendants negligence.

¶40. Plaintiff Amy Beam is entitled to recover for her consortium loss in an amount greater than $75,000.00.

¶41. WHEREFORE, Plaintiffs pray for a judgment against the Defendants as follows:

1. For economic damages in an amount no less than $75,000.00;
2. For compensation of Plaintiffs non-economic damages in an amount greater than $50,000.00 (but not less than $75,000.00 as necessary for assertion of Federal jurisdiction) representing Plaintiffs pain, suffering, mental anguish, and emotional distress;
3. For Plaintiffs attorneys' fees (if allowed by law or equity), costs, disbursements, and interest; and
4. For such other relief as the Court deems equitable, proper and just.

Dated this 5th day of January 2021.

                                                LARSON LAW FIRM, P.C.

                                                /s/ Mark V. Larson
                                                **Mark V. Larson (ID# 03587)**
                                                **Shelby Larson (ID# 08524)**
                                                **Anders Larson (ID# 09050)**
                                                ATTORNEYS FOR PLAINTIFFS
                                                1020 North Broadway
                                                P.O. Box 2004
                                                Minot, ND 58702-2004
                                                (701) 839-1777
                                                larslaw@srt.com

## DEMAND FOR JURY TRIAL

Plaintiff herein demands a trial by jury of the maximum number of jurors permitted by law.

                                                /s/ Mark V. Larson
                                                Mark V. Larson (ID#03587)