IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Gregory Beam and Amy Beam, | ) |
| Plaintiffs, | ) **ORDER** |
| vs. | ) |
| Otter Tail Power Company and The Babcock & Wilcox Company f/k/a Babcock & Wilcox Power Generation Group, Inc., | ) Case No.1:21-cv-002 |
| Defendants. | ) |

On September 15, 2023, Plaintiffs' counsel filed a motion seeking leave of court to withdraw as required by Local Rule 1.3. D.N.D. Gen. L.R. 1.3(F). (Doc. No. 28). Citing Rule 1.16 of the North Dakota Rules of Professional Conduct, counsel asserts their withdrawal is required due to an irreparable breakdown of the attorney-client relationship that, for reasons of privilege, they cannot further comment on or than to state that Plaintiffs "have refused to accept advice of counsel." (Id.).

In instances when counsel is seeking to withdraw with no apparent substitute, General Local Rule 1.3 requires that counsel: serve and file a motion to withdraw, establish good cause to withdraw, and serve their clients with a copy of the motion. See D.N.D. Gen. R. 1.3(F)(3). Counsel is not relieved of their duties to their client and to the court until the court has granted their motion. Id.

Rule 1.16 of the North Dakota Rules of Professional Conduct provides the following with respect to the termination of representation:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
>
> > (1) withdrawal can be accomplished without material adverse effect on the

1

>    interests of the client;
>
>    (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
>    (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>
>    (4) a client insists upon pursuing objectives or means that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
>    (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
>    (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
>    (7) other good cause for withdrawal exists.
>
> (c) When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

Rule 1.16 of the North Dakota Rules of Professional Conduct.

Counsel has satisfied the requirements of Local Rule 1.3 as they have filed a motion asserting good cause exists to withdraw and served it on Defendants and Plaintiffs. Nevertheless, absent more information regarding the events that precipitated their motion, the court is not inclined at this point to allow counsel to walk away.

The court appreciates counsel's reticence to elaborate on how or why their relationship with Plaintiffs has soured. However, the court also mindful that the trial in this matter is rapidly approaching. The final pretrial conference and jury trial are respectively scheduled for October 24 and November 6, 2023.

It is unclear at this point how or why counsels' relationship with Plaintiffs has deteriorated, why counsel feels this relationship is irreparable, or whether Plaintiffs feelings are mutual. It is also

unclear whether Plaintiffs intend to retain new counsel should present counsel be permitted to withdraw and how they otherwise intend to proceed in this matter. In order to obtain more clarity and assess whether good cause for withdrawal exists and whether withdrawal can be accomplished without material adverse effects on Plaintiffs' interests, the court finds it necessary to schedule an ex parte hearing on counsels' motion.

Accordingly, the court shall defer ruling on counsels' motion pending an ex parte hearing. An ex parte hearing on counsels' motion is scheduled for October 10, 2023, at 10:00 AM CDT by telephone.  Plaintiffs <u>and</u> Plaintiffs' counsel are required to appear for the hearing.  They can do so by calling (877) 810-9415 and entering access code 899251.

**IT IS SO ORDERED.**

Dated this 29th day of September, 2023.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court