IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Gregory Beam,<br><br>                                Plaintiff,<br><br>vs.<br><br>Otter Tail Power Company and The Babcock & Wilcox Company f/k/a Babcock & Wilcox Power Generation Group, Inc.,<br><br>                                Defendants. | Case No. 1:21-cv-00002 |

### ORDER DENYING B&W'S MOTION *IN LIMINE*

[¶1]    THIS MATTER comes before the Court on a Motion *in Limine* filed by Defendant Babcock & Wilcox Company f/k/a Babcock & Wilcox Power Generation Group, Inc. ("B & W") on January 24, 2025. Doc. No. 60. Plaintiff Gregory Beam ("Beam") has not filed a Response. For the reasons set forth below, the Motion *in Limine* is **DENIED**.

[¶2]    Beam claims he was injured after falling while working within the scope of his employment with Gagnon, Inc. on May 20, 2016, at Otter Tail Power's Coyote Station Power Plant. Doc. No. 61, p. 2–3. Beam claims B & W was negligent in its preparation and provision of a platform structure from which Beam fell. Beam asserts he has suffered several symptoms since his fall, including (1) persistent lower back pain radiating to his buttocks and pelvis; (2) lower back pain that radiates up into his mid-back and neck; (3) right knee pain (aggravation of pre-existing osteoarthritis); and (4) right elbow pain. Beam also claims he suffered from anxiety and depression relating to the pain from his injury, which required counseling. Id.

[¶3]    B & W challenges potential evidence relating to whether B & W's actions were the proximate cause of Beam's injuries. "A proximate cause is a cause which, in natural and

continuous sequence, produces the injury and without which the injury would not have occurred." Rued Ins., Inc. v. Blackburn, Nickels & Smith, Inc., 543 N.W.2d 770, 773 (N.D. 1996). "When a defendant's negligence aggravates a preexisting injury, the defendant must compensate the victim for the full extent of the aggravation but is not liable for the preexisting condition itself." Klimple v. Bahl, 2007 ND 13, ¶ 5, 727 N.W.2d 256. Typically, ordinary negligence cases do not require "expert testimony to establish the elements of the tort." Id. ¶ 6. "[I]f the issue 'is beyond the area of common knowledge or lay comprehension,'" the North Dakota Supreme Court "has indicated expert testimony is required." Id.

[¶4]    B & W argues Beam should be prohibited from testifying as to the causation of his injuries because such a determination requires a qualified medical expert since the causal relationship falls outside the scope of common knowledge or comprehension of a lay person. Doc. No. 61, p. 7. B & W claims Beam is not a medical expert and should be prohibiting from opining on this matter. Id.

[¶5]    The Court has determined that Beam will be allowed to testify that he considers the fall to be the cause of his injury. These issues are not so complicated that a jury would require an expert to explain. See Klimple, 2007 ND 13, ¶ 6. Whether his testimony alone is enough to convince a jury of causation is separate from whether he should be able to testify that B & W's negligent preparation and provision of a platform structure caused his injuries. The same holds true for any aggravation of Beam's pre-existing injury. The question of whether the fall caused Beam more pain in a pre-existing injury is something Beam personally experienced and has personal knowledge of. Beam is not an expert, but he can testify as to his perception of the effects of his fall. In short, falling, sustaining injuries, and deducing the fall as the source of Beam's injuries is not "beyond the area of common knowledge or lay comprehension" as required to necessitate an expert opinion. See Klimple, 2007 ND 13, ¶ 6.

[¶6] B & W next argues Beam should be prohibited from introducing the expert testimony of Tom Karrow ("Karrow") who provided a Vocational Employability Assessment of Beam. Doc. No. 62-2. According to B & W, Karrow's opinions are solely based on medical causation. Doc. No. 61, p. 8–9. Because Karrow is not a medical expert, he cannot lay foundation to support his opinions relating to causation. Id.

[¶7] The Court agrees Karrow should not be allowed to testify as to causation. However, the Court also notes it does not appear from its review of the medical report that Karrow will offer expert testimony relating to the cause of Beam's injuries. Karrow was retained by Beam's previous attorney to provide an assessment on Beam's future vocational employability. B & W agrees "Mr. Karrow is certainly qualified as a vocational rehabilitation expert" and that "Mr. Beam could present him to testify about Mr. Beam's vocational outlook in wake of the accident." Id. at 9.

[¶8] B & W argues Karrow's testimony will lack foundation as to the element of causation in this case. Foundation is best determined during the trial. Accordingly, B & W can raise any objection as to foundation at trial.

## CONCLUSION

[¶9] For the foregoing reasons, B & W's Motion *in Limine* is **DENIED**.

[¶10] **IT IS SO ORDERED**.

DATED February 10, 2025.

Daniel M. Traynor, District Judge
United States District Court